**PRO–DOWN, INC., Plaintiff,**

v.

**GRAPHIC COMMUNICATIONS, INC., Defendant.**

**Civ. A. No. 90–2067–O.**

United States District Court, D. Kansas.

Jan. 4, 1991.

Robert L. Shirkey, Kansas City, Mo., Thomas J. Erker, Overland Park, Kan., for plaintiff.

Kevin Bennett, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., Frank L. Austenfeld, Wallace, Saunders, Austin, Brown & Enochs, Mission, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss pursuant to Local Rule 404(d). In support of its motion, defendant alleges that plaintiff's counsel failed to comply with Local Rule 404(a). For the reasons set forth below, the court will deny defendant's motion.

Plaintiff filed its complaint on March 7, 1990. Although the complaint contained signature lines for plaintiff's Missouri and local attorneys, only plaintiff's Missouri attorney, Robert Shirkey, signed the pleading.[1] On April 16, 1990, defendant filed its motion to dismiss. On May 1, 1990, plaintiff filed a response to the motion to dismiss. In the response, Shirkey admitted that he had signed the name of Erker and was thus in violation of Local Rule 404(a). On May 7, 1990, Shirkey filed a motion for admission pro hac vice. Shirkey's motion was subsequently granted by the magistrate on May 29, 1990.

Local Rule 404 governs appearances pro hac vice and contains the following pertinent provisions:[2]

(a) Nonresidents. Any attorney not admitted to the practice of law in Kansas but regularly engaged in the practice of law in another state or territory, and who is in good standing pursuant to the rules of the highest appellate court of such state or territory, who has professional business in this court, may on motion be admitted to practice law for the purpose of said business only, upon showing that he or she has associated with him or her, an attorney of record in the action, hearing or proceeding who is in good standing and admitted to practice before this court. The local attorney of record shall be actively engaged in the conduct of the matter or litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court appearances unless excused by the court.

(d) Violations of This Rule. This court shall not entertain any action, matter or proceeding while the same is begun, carried on or maintained in violation of the provisions of this rule.

---

1. Shirkey signed for himself and for local counsel Thomas Erker.

2. The cited provisions of Rule 404 were effective at the time plaintiff's complaint was filed. Rule 404 is currently in the process of modification.

After careful consideration, the court will deny defendant's motion to dismiss. Although Shirkey has clearly violated the provisions of Local Rule 404(a),[3] the court finds that dismissal of this action would not be in the interests of justice. Specifically, the parties have been engaged in active discovery for eight months, a third-party defendant has been added to the case, appropriate deadlines have been set by the magistrate, and the magistrate has granted Shirkey's motion for admission pro hac vice. However, the court admonishes plaintiff's counsel that any future violations of Rule 404(a) will result in appropriate sanctions.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. # 8) is denied.

---

**3.** Shirkey failed to file his motion for admission pro hac vice concurrently with the complaint.

Further, Erker did not sign the complaint.